JS 6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMW OF NORTH AMERICA, LLC, a Delaware Limited Liability Company, and BAYERISCHE MOTOREN WERKE AG, a German Corporation,<br><br>　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>BAVARIAN AUTO PARTS d/b/a BAP EUROPEAN, an unknown business entity, et al.,<br><br>　　　　　Defendants | Case No.: 2:16-cv-00448-DSF-JEM<br><br>**PERMANENT INJUNCTION AND DISMISSAL AS TO ONLY DEFENDANTS AS TO ONLY DEFENDANTS BAVARIAN MOTOR PARTS, TIRAN MACHARYAN a/k/a TONY MACHARYAN, AND HRIPSIME OGANESYAN**<br><br>**HON. DALE S. FISCHER** |

The Court, pursuant to the Stipulation for Entry of Permanent Injunction and Dismissal ("Stipulation") by and between BMW OF NORTH AMERICA, LLC, and BAYERISCHE MOTOREN WERKE AG (collectively "BMW"), and Defendants BAVARIAN MOTOR PARTS, TIRAN MACHARYAN a/k/a TONY

MACHARYAN, and HRIPSIME OGANESYAN (collectively "Defendants"), filed concurrently herewith, hereby ORDERS, ADJUDICATES and DECREES that a permanent injunction shall be and is hereby entered against Defendants in the above-referenced matter as follows:

1. **CORRECTION AND AMENDMENT OF PLEADINGS.** The name of Defendant TIRAN MACHARYNA a/k/a TONY MACHARYNA shall be hereby corrected in all pleadings to TIRAN MACHARYAN a/k/a TONY MACHARYAN. All corrected pleadings shall be deemed served upon TIRAN MACHARYAN a/k/a TONY MACHARYAN at the time of the Court's entry of this Order.

2. **PERMANENT INJUNCTION.** Defendants and any person or entity acting in concert with, or at the direction of Defendants, including any and all agents, servants, employees, partners, assignees, distributors, suppliers, resellers and any others over which Defendants may exercise control, are hereby restrained and enjoined, pursuant to 15 United States Code ("U.S.C.") § 1116, from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States and throughout the world:

    a. copying, manufacturing, purchasing, importing, exporting, marketing, selling, offering for sale, distributing or dealing in any product or service that uses, or otherwise making any use of, any of BMW's trademarks, including but not limited to, the BMW® word and design marks, the M® word and design marks, and the MINI® and MINI COOPER® word and design marks, and/or any intellectual property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any of BMW's trademarks (collectively "BMW's Trademarks"), whether such use is as, on, in or in connection with any trademark, service mark, trade name, logo, design, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation,

television, web-based or any other program, or any product or service, or otherwise;

  b. performing or allowing others employed by, under control of, or representing Defendant, or under his control, to perform any act or thing which is likely to injure BMW, any of BMW's Trademarks, including but not limited to the BMW®, M®, MINI®, and MINI COOPER® trademarks.

  c. engaging in any acts of federal and/or state trademark infringement, false designation of origin, unfair competition, dilution, or other act which would tend damage or injure BMW; and/or

  d. using, owning, possessing, and/or controlling any Internet domain name or website that includes any of BMW's Trademarks including but not limited to the BMW® word and design marks, the M® word and design marks, and the MINI® and MINI COOPER® word and design marks.

3. Defendants shall only advertise, offer for sale, sell, and/or distribute products bearing any of BMW's Trademarks, including but not limited to the BMW® word and design marks, the M® word and design marks, and the MINI® and MINI COOPER® word and design marks, that have been purchased or acquired directly from authorized BMW dealerships.

4. Defendants are immediately ordered to deliver to counsel for BMW for destruction all unauthorized products, including counterfeit BMW®, M®, MINI®, MINI COOPER®-branded products, badges, emblems, roundels, labels, signs, prints, packages, wrappers, receptacles and/or advertisements relating thereto in their possession or under their control bearing any of BMW's Trademarks or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices and other means of making the same, to the extent that any of these items are in Defendants' possession.

4.    This Permanent Injunction shall be deemed to have been served upon Defendants at the time of its execution by the Court.

5.    The Court finds there is no just reason for delay in entering this Permanent Injunction, and, pursuant to Rule 54(a) of the *Federal Rules of Civil Procedure*, the Court directs immediate entry of this Permanent Injunction against Defendants.

6.    **NO APPEALS AND CONTINUING JURISDICTION.**  No appeals shall be taken from this Permanent Injunction, and the parties waive all rights to appeal.  This Court expressly retains jurisdiction over this matter to enforce any violation of the terms of this Permanent Injunction by Defendants as well as any violations of the terms of the underlying Confidential Settlement Agreement between the Parties.

7.    **NO FEES AND COSTS.**  BMW and Defendants shall each bear their own attorneys' fees and costs incurred in this matter.

8.    **DISMISSAL AS TO ONLY DEFENDANT.**  Upon entry of this Permanent Injunction against Defendants, this case shall be dismissed as to only Defendants BAVARIAN MOTOR PARTS, TIRAN MACHARYAN a/k/a TONY MACHARYAN and HRIPSIME OGANESYAN.

IT IS SO ORDERED, ADJUDICATED and DECREED this 15th day of December, 2016.

_Dale S. Fischer_
HONORABLE DALE S. FISCHER
United States District Judge
Central District of California